IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01922-MSK-CBS

MICHELLE GIELAS,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.

## ORDER CONCERNING MOTION TO ALTER OR AMEND

THIS MATTER comes before the Court on Defendant Life Insurance Company of North America's ("LINA") motion for the Court to alter or amend its prior order remanding Plaintiff's ("Ms. Gielas") case to LINA for further fact-finding and analysis in making a determination of eligibility for disability benefits. LINA filed a motion to alter or amend the order pursuant to Federal Rule of Civil Procedure 59(e) (**#37**). Ms. Gielas filed a response (**#38**). Having reviewed the record and the relevant law, the Court finds as follows.

**I.    JURISDICTION**

This Court exercises jurisdiction in this matter pursuant to 29 U.S.C. §1331.

**II.    ISSUE PRESENTED**

Ms. Gielas was a plan participant under a group long-term disability policy[1] purchased through her employer and governed by the Employment Retirement Income Security Act of

---

[1] Group policy number VTL-050164, referred to as the "Policy."

1

1974, 28 U.S.C. § 1001, *et seq.* ("ERISA").[2]  LINA was both the policy underwriter and plan administrator.  In January 2005, Ms. Gielas fell and hit her head.  Despite obtaining medical treatment for several years, she has suffered persistent medical problems as a result of the injuries she sustained in her fall.

In May 2005, after she had been terminated from her employment, Ms. Gielas submitted a claim to LINA seeking long-term disability benefits.  LINA initially denied the claim, but granted it after Ms. Gielas appealed.  Then, after paying Ms. Gielas for 24 months, LINA terminated her benefits.  Ms. Gielas undertook two unsuccessful appeals with LINA before obtaining a final termination of benefits.  Ms. Gielas then filed an appeal in this Court seeking review of the termination.

In her briefs before the Court, Ms. Gielas argued that LINA improperly relied on the opinion of Dr. D. Ashley Cohen in terminating her benefits.  Based solely on a review of her medical records, Dr. Cohen, a clinical psychologist, opined that Ms. Gielas could return to her previous work.[3]  LINA countered that it properly relied on Dr. Cohen's opinion, as well as the opinion of one of Ms. Gielas's treating physicians – which the physician later retracted – that she could return to her previous occupation.  On September 17, 2009, this Court found that LINA's decision to terminate disability benefits was arbitrary and capricious constituting an abuse of discretion.

In the motion now at bar, LINA argues that the Court utilized an incorrect standard of

---

[2]The Court set forth the facts of this case in detail in its September 17, 2009 order.  That summary is incorporated herein by this reference, and, accordingly, the Court limits its factual recitation.

[3]Dr. Cohen's opinion conflicted with the opinions of Ms. Gielas's treating physicians.

review in arriving at its decision and that, pursuant to recent developments in the case law, Ms. Gielas carried the burden of proof to establish that termination was an arbitrary and capricious abuse of discretion.

### III. STANDARD OF REVIEW

LINA brings its motion under Federal Rule of Civil Procedure 59(e), which has been construed to allow reconsideration on three bases: (1) an intervening change in the controlling law; (2) the discovery of new evidence that was previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). LINA brings its motion under the third prong.

### IV. ANALYSIS

LINA argues, and Ms. Gielas agrees, that the Court erred in shifting the burden to LINA to establish that its termination of benefits was supported by substantial evidence because LINA was operating under a conflict of interest. The parties are correct; the Court erred.

The Court stated in the prior order, that when a plan administrator is also the plan's insurer, there is an inherent conflict of interest between the discretion in paying claims and the need to stay financially sound. *See Pitman v. Blue Cross & Blue Shield*, 217 F.3d 1291, 1297 n.4 (10th Cir. 2000). When a plan administrator is operating under a conflict of interest, the conflict must be considered as a factor in determining whether there has been an abuse of discretion in making a determination as to whether disability benefits should be paid. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Then, consistent with the rule in *Fought v. UNUM Life Insurance Co. of America*, 379 F.3d 997, 1006 (10th Cir. 2005), the Court shifted the burden of proof to the plan administrator to produce substantial evidence that

its termination of eligibility for disability benefits was not arbitrary or capricious.

The burden shifting aspect of *Fought* is no longer good law.  After the announcement of *Metro. Life Ins. Co v. Glenn*, __ U.S. __, 128 S. Ct. 2343, 2348, 171 L.Ed 2d 299, 307 (2008), it was unclear how a conflict of interest would be treated in the Tenth Circuit.  Indeed, the parties thoughtfully argued their positions with regard to that issue.  Shortly before the issuance of the opinion in this case, the Tenth Circuit addressed the issue. *See Holcomb v. Unum Life Ins. Co. of Am.*, 578 F.3d 1187, 1193 (10th Cir. 2009); *Scruggs v. Exxonmobil Pension Plan*, --- F.3d ----, Case no. 08-6145, 2009 WL 3720034 (10th Cir. Nov. 09, 2009).

It is now clear that when a plan administrator operates under a conflict of interest, there is no automatic shift of the burden of proof to the plan administrator.  Instead, the conflict is treated only as a factor in determining whether there was an abuse of discretion.  Courts now are required to apply a "sliding scale" approach, decreasing the level of deference given to the administrator in proportion to the seriousness of the conflict.

Applying *Glenn* and *Holcomb,* the Court treats LINA's inherent conflict of interest as one factor in deciding whether LINA abused its discretion. Ms. Geilas retains the burden of establishing that LINA abused its discretion in denying disability coverage.  The change in the burden of proof, however, does not result in a change in the Court's original findings and conclusion.

The plan administrator's conflict of interest is of small consideration.  The Court remains convinced that LINA's decision was arbitrary and capricious for several more serious reasons.  First, LINA did not take into account the standard for disability under the Plan that applied after

payments had been made for 24 months[4]. Second, the record does not reflect that LINA gathered sufficient information to apply the correct standard. There is no evidence of (1) what occupations Ms. Gielas might reasonably become qualified to perform and whether she could perform the material duties of such occupations; or (2) whether Ms. Gielas could earn more than 80% of her indexed covered earnings.  Similarly, there are no physician's opinions in the record as to either of these points.  Third, LINA placed too much reliance upon the opinion of Dr. Cohen, who did not examine Ms. Gielas and whose opinion was in direct contravention of the opinions of Ms. Gielas' treating physicians.

The deficiencies in underlying record prevented the Court from determining whether Ms.Gielas was disabled.  Therefore, the Court remanded the matter, and remains convinced that remand is the appropriate remedy.

**V.     Conclusion**

Based on the foregoing, **IT IS ORDERED** that LINA's motion to alter judgment, is **GRANTED,** in so far as the Court reconsiders and corrects legal standard to be applied.  **IT IS DENIED,** in so far as the outcome remains the same.  **IT IS FURTHER ORDERED** that this

---

[4] This provision reads:
2. After disability benefits have been payable for 24 months, he or she is unable to perform all the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience, or solely due to injury or sickness, he or she is unable to earn more than 80% of his or her indexed covered earnings.

Court's prior order of **REMAND** to the plan administrator to make further findings **STANDS UNALTERED**.

DATED this 13th day of November, 2009.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge